UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JAMONT JOSEPH,

                                Plaintiff,

              v.                                          9:08-CV-1146
                                                                           (GLS)

NEW YORK STATE DEPARTMENT OF CORRECTIONAL
SERVICES; BRYAN CLARK; and RONALD A.
LAROCQUE,

                                Defendants.

APPEARANCES:

JAMONT JOSEPH
06-A-3514
Great Meadow Correctional Facility
Box 51
Comstock, New York 12821
Plaintiff *pro se*

GARY L. SHARPE
United States District Judge

## DECISION AND ORDER

      Currently before the Court are Plaintiff Jamont Joseph's[1] civil rights complaint and his application to proceed *in forma pauperis*. Dkt. Nos. 1-2. Joseph, who is incarcerated at Great Meadow Correctional Facility, has not paid the filing fee required for this action.

      In his complaint, Joseph alleges that on June 26, 2008, he was "physically assaulted" by defendants Clark and Larocque. Dkt. No. 1. Joseph seeks monetary relief. *Id.*

---

[1] Joseph has one other action pending in this District. *See Joseph v. Woods*, 9:08-CV-0296 (NAM).

**A.     *In forma pauperis* application**

Since Joseph has demonstrated economic need, the Court grants his application to proceed *in forma pauperis*.

**B.     Complaint**

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Thus, even if a plaintiff meets the financial criteria to commence an action *in forma pauperis*, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the court may permit the plaintiff to proceed with the action *in forma pauperis*. *See id.*

Likewise, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (citation omitted).

Joseph brings this action pursuant to 42 U.S.C. § 1983, which "establishes a cause of action for 'the deprivation of any rights, privileges, or immunities secured by

the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortgage Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (quoting *Wilder v. Va. Hosp. Ass'n*, 496 U.S. 498, 508, 110 S. Ct. 2510, 2516, 110 L. Ed. 2d 455 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted).

Joseph has named the New York State Department of Correctional Services as a defendant in this action. Dkt. No. 1. However, "[a]gencies of the state, such as DOCS, are entitled to assert the state's Eleventh Amendment immunity where, for practical purposes, the agency is the alter ego of the state and the state is the real party in interest." *Santiago v. N.Y.S. Dep't of Corr. Serv.*, 945 F.2d 25, 28 n.1 (2d Cir. 1991) (citations omitted). Thus, suits against DOCS for money damages are barred by the Eleventh Amendment. *Denis v. N.Y.S. Dep't of Corr. Serv.*, No. 05 Civ 4495, 2006 WL 217926, at *12 (S.D.N.Y. Jan. 30, 2006) (citations omitted); *Allah v. Juchnewioz*, No. 93 CIV 8813, 2003 WL 1535623, at *3 (S.D.N.Y. Mar. 24, 2003) ("[a]s DOCS is a subdivision of New York State, cases routinely hold that it may not be sued for monetary damages") (citations omitted). The New York State Department of Correctional Services is dismissed as a defendant.

**WHEREFORE**, for the above-stated reasons, it is hereby

**ORDERED** that the New York State Department of Correctional Services is **dismissed** as a defendant to this action for the reasons stated above, and it is further

**ORDERED** that Joseph's *in forma pauperis* application is granted.[2] Upon receipt from Joseph of the documents required for service of process, the Clerk shall issue

---

[2] Joseph should note that he will still be required to pay fees that he may incur in this action, including but not limited to copying and/or witness fees.

summonses and forward them, along with copies of the complaint, to the United States Marshal for service upon the defendants.  The Clerk shall forward a copy of the summons and complaint by mail to the Office of the New York State Attorney General, together with a copy of this Order; and it is further

**ORDERED** that the Clerk of the Court shall provide the Superintendent of the facility that Joseph has designated as his current location with a copy of Joseph's authorization form and notify that official that Joseph has filed this action and is required to pay the entire statutory filing fee of $350.00 pursuant to 28 U.S.C. § 1915; and it is further

**ORDERED** that the Clerk of the Court shall provide a copy of Joseph's authorization form to the Financial Deputy of the Clerk's Office; and it is further

**ORDERED** that a formal response to Joseph's complaint be filed by the defendants or their counsel as provided for in Rule 12 of the Federal Rules of Civil Procedure subsequent to service of process on the defendants, and it is further

**ORDERED** that **any paper sent by a party to the Court or the Clerk of the Court shall be accompanied by a certificate setting forth the date on which a true and correct copy of the paper was mailed to the opposing party or his or her counsel.  Any letter or other document received by the Clerk or the Court which does not include a proper certificate of service will be returned.**  Joseph shall also comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions, which must be returnable before the assigned Magistrate

Judge with proper allowance for notice as required by the Rules.  **Joseph is also required to promptly notify the Clerk of the Court's Office and all parties or their counsel of any change in his address; his failure to do so will result in the dismissal of this action.**  All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court, and it is further

     **ORDERED** that the Clerk of the Court serve a copy of this Decision and Order on Joseph.

IT IS SO ORDERED.

Dated:   November 24, 2008

Gary L. Sharpe
U.S. District Judge